# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OSCAR MONTENEGRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-3416 |
| ) | Honorable Judge Marvin E. Aspen |
| COOK COUNTY JUVENILE PROBATION ) | |
| & COURT SERVICES ADMINISTRATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Before us is Defendants' partial motion to dismiss Plaintiff's complaint, filed by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6), which, for the reasons stated below, we grant and deny in part.

## BACKGROUND

Plaintiff Oscar Montenegro filed a complaint against Defendants Cook County Juvenile Probation and Court Services Administration ("JPCSA"), as well as JPCSA's Director Michael Rohan ("Rohan"), its Deputy Director Charles Young ("Young"), its Director of Human Resources Rose Marie Golden ("Golden"), and unknown persons (collectively, "Defendants"). He alleges violations of: (1) Title I of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973; (2) 42 U.S.C. §§ 1983 and 1985; and (3) the Illinois Human Rights Act ("IHRA"). (Compl. ¶¶ 30, 34, 37.) Plaintiff claims that Defendants, his employers, discriminated against him on the basis of his disability.

Plaintiff was diagnosed with Multiple Sclerosis ("MS") in the 1990s. (*Id.* ¶ 11.) He worked as a juvenile probation officer at JPCSA from 2004 until June 2013, when he stopped working due to Defendants' alleged discriminatory conduct. (*Id.* ¶¶ 11, 25.)

Plaintiff is a "qualified individual with a disability" whose condition does not pose a direct threat to his or others' health and safety, as defined by 29 C.F.R. 1630.2. (*Id.* ¶¶ 13–14.) His doctor informed Defendant Golden that Plaintiff's disability does not prevent him from performing the functions of his positions, but that he would have to be absent from work two to three times per year for approximately ten days each time due to MS flare-ups. (*Id.* ¶ 15.) Until 2009, Plaintiff's employer granted him medical accommodations based on letters from his doctor to his supervisor. (*Id.* ¶ 17.) Plaintiff was consistently rated as "meeting standards" in performance evaluations from 2006 to 2013. (*Id.* ¶ 16.)

In 2010, however, Defendant Golden did not accept the doctor's request to continue a previously granted accommodation allowing Plaintiff to work 7 A.M. to 3 P.M., and informed Plaintiff that employees requesting medical accommodations must be evaluated by the County Medical Office. (*Id.* ¶¶ 17–18.) Then, when Plaintiff was absent from work during a MS flare-up in 2012, Defendant Golden, with approval from Defendants Rohan and Young, informed Plaintiff that he would need to request a Return to Work Certification from the County Medical Office prior to returning to work. (*Id.* ¶ 19.) In January 2013, Defendant Golden reprimanded Plaintiff and threatened disciplinary action because she saw him waiting for the PACE bus fifteen minutes prior to the end of Plaintiff's workday schedule. (*Id.* ¶ 20.) Plaintiff alleges that he leaves his work station "some minutes earlier" than 3 P.M. so that he does not miss the 3 P.M. PACE bus. (*Id.*) He also claims that in February 2013, he developed bladder and bowel complications at work and requested a coworker's assistance to get to the bathroom quickly.

(*Id.* ¶ 21.)  He was subsequently absent from work for about four days, and, upon returning, Plaintiff alleges that Defendant Young told him he was a liability to his coworkers and could not return to work until receiving a fitness for duty letter from the County Medical Doctor.  (*Id.*)

Plaintiff filed a grievance as a result of these actions, challenging the need for multiple fitness evaluations.  (*Id.* ¶ 24.)  At a meeting regarding the grievance in March 2013, Defendant Rohan said that he was being pressured to hire able-bodied people and that Plaintiff was performing a quarter of the work of other officers.  (*Id.*)  Defendants denied the allegations in Plaintiff's grievance and Plaintiff completed the required fitness evaluation.  (*Id.* ¶¶ 24–25.)  Upon returning to work in April 2013, however, Plaintiff alleges that he noticed Defendants Young or Golden walk by his work station every day and pause to watch him, which made him feel uncomfortable and under unreasonable scrutiny.  (*Id.* ¶ 25.)  As a result of Defendants' previous and ongoing actions, Plaintiff's health allegedly deteriorated and he suffered emotional distress and an MS flare-up that led him to stop working in June 2013.  (*Id.*)

Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) on February 8, 2014.  (*Id.* ¶ 3.)  He filed this action on May 9, 2014.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007)).  The

3

plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

## DISCUSSION

Defendants argue in their partial motion to dismiss that: (1) one of the named Defendants is not the proper suable entity; (2) Plaintiff has failed to exhaust administrative remedies prior to filing his complaint; (3) there is no individual liability under the ADA or Section 504 of the Rehabilitation Act; and (4) Plaintiff did not sufficiently allege *Monell* claims. (Mem. at 2–3.)

**A.     Cook County Juvenile Probation and Court Services Administration**

Defendants argue that Defendant JPCSA has no legal existence and is not a suable entity. (Mem. at 2.) Defendants state that the Chief Judge of the Circuit Court of Cook County ("Chief Judge") is responsible for supervising the probation and court services department. (*Id*. (citing 705 ILCS 405/6–1(1) and 6–3(1); 730 ILCS 110/15(2)(a)).) Plaintiff does not contest that the Chief Judge is proper entity to sue, and seeks leave to amend the complaint to name him as a defendant instead of JPCSA. (Resp. at 1.)

Federal Rule of Civil Procedure 15(a) states that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995); *Collins v. Prater*, No. 6 C 396, 2007 WL 490971, at *1 (S.D. Ill. Feb. 9, 2007). "In the absence of any apparent or declared reason—such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Sanders*, 56 F.3d at 773 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

All parties agree that the Chief Judge, not JPCSA, is the proper entity to name as defendant in this case. (Mem. at 2; Resp. at 1.) Accordingly, we grant Defendants' motion to dismiss the complaint against JPCSA, and we grant Plaintiff leave to amend the complaint to add the Chief Judge as a defendant by January 16, 2015.

**2.      Failure to Exhaust Administrative Remedies**

We now turn to Defendants' claim that Plaintiff did not exhaust his administrative remedies prior to bringing this complaint. (Mem. at 2–3.) Generally, a plaintiff may sue under the ADA or the IHRA only if he files a timely charge of discrimination with the EEOC. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004); *Collins v. Fox Home Ctr., Inc.*, No. 12 C 9555, 2014 WL 441427, at *4 (N.D. Ill. Feb. 4, 2014). In addition, before filing suit in federal court, the plaintiff must receive a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Ichile v. City of Chi.*, No. 95 C 3507, 1996 WL 264708, at *4 (N.D. Ill. May 16, 1996). Defendants argue that the complaint should be dismissed because Plaintiff failed to plead that he fulfilled these pre-conditions because he did not attach any of the charges or right to sue letters. (Mem. at 2–3.)

Plaintiff responds that his complaint stating that the EEOC issued a right-to-sue letter is sufficient to comply with Rule 9(c). (Resp. at 4; *see* Compl. ¶ 3.) Nonetheless, Plaintiff offers to amend his complaint by attaching the Charge of Discrimination form and the right-to-sue letter to resolve Defendants' concerns. (Resp. at 4.) Defendants concede that Plaintiff should be permitted to amend the complaint in this manner. (Reply at 1.) Accordingly, in lieu of dismissal, we grant Plaintiff leave to amend the complaint by attaching the aforementioned documents by January 16, 2015.

3.  **Individual Liability under the ADA and the Rehabilitation Act**

Next, we consider Defendants' argument that Count One of Plaintiff's complaint improperly alleges individual violations of the ADA and Section 504 of the Rehabilitation Act of 1973. (Mem. at 3.) The ADA imposes liability on employers only, not individuals. *Silk v. City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999); *Buford v. Oakton Cmty. Coll.*, No. 11 C 9261, 2012 WL 5936291, at *2 (N.D. Ill. Nov. 27, 2012). Likewise, there is no individual liability under the Rehabilitation Act. *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir. 1995); *Dent v. City of Chi.*, No. 02 C 6604, 2003 WL 21801163, at *1 (N.D. Ill. Aug. 1, 2003). Plaintiff agrees that there is no individual liability under the ADA and Section 504 of the Rehabilitation Act, and states that he did not intend for Count One to allege such. (Resp. at 4.) Accordingly, to the extent the complaint does allege ADA and Section 504 claims against individual defendants, those claims are dismissed.

4.  **Sections 1983 and 1985 Claims**

Defendants next move to dismiss Count Two of Plaintiff's complaint, which alleges violations of 42 U.S.C. §§ 1983 and 1985. In their opening brief, Defendants' only argument regarding Count Two is that Plaintiff insufficiently alleges that Defendants had a custom or

practice that caused the alleged harm. (Mem. at 3.) Under *Monell*, to establish Section 1983 liability against a governmental agency or an individual acting in his official capacity, a plaintiff must show that the alleged unconstitutional act was caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Hall v. City of Chi.*, 989 F. Supp. 2d 699, 707–08 (N.D. Ill. 2013) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036 (1978); *see Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 362 (1991) (holding that official capacity suits against individuals require a showing that a governmental entity's policy or custom played a part in the alleged violation of law).

Under the second approach, to establish a widespread practice claim a plaintiff must allege facts showing that agency policymakers were aware of the officers' behavior, or that the acts were so "persistent and widespread" that the policymakers should have known about them. *Hall*, 989 F. Supp. 2d at 709 (citing *Latuszkin v. City of Chi.*, 250 F.3d 502, 505 (7th Cir. 2001)). In addition, plaintiff must show that the agency's policymakers were "deliberately indifferent" to the policy's obvious consequences, meaning "that a reasonable policymaker would conclude that the plainly obvious consequences of the [government's] actions would result in the deprivation of a federally-protected right." *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 411, 117 S. Ct. 1382, 1386 (1997)); *Hall*, 989 F. Supp. 2d at 708.

Alternatively, under the third approach, a plaintiff may establish a *Monell* claim by showing that the constitutional injury was caused by an official with "final policymaking authority." *Hall*, 989 F. Supp. 2d at 707. Whether an official has such authority is a question of

7

state law.  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 2723–24 (1989); *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011).  To make this determination, courts may consider customary practices having the force of law.  *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 675–76 (7th Cir. 2009); *Kujawski v. Bd. of Comm'rs of Bartholomew Cnty., Ind.*, 183 F.3d 734, 737 (7th Cir. 1999).  And they also often consider: "(1) whether the official is constrained by policies of other officials or legislative bodies; (2) whether the official's decision on the issue in question is subject to meaningful review; and (3) whether the policy decision the official made is within the realm of the authority he's granted."  *Valentino*, 575 F.3d at 676 (internal quotations omitted).  This analysis frequently turns on whether an official's decision is subject to review by a higher official or other authority; discretionary authority is not enough.  *Milestone*, 665 F.3d at 780–81; *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 469 (7th Cir. 2001).

Plaintiff argues that the allegations in his complaint, discussed earlier, sufficiently allege a Section 1983 *Monell* violation by Defendants.  (Resp. at 4–5.)  He contends that Defendant Rohan's statements that he was being pressured to hire "able-bodied" people implicates a conspiracy with at least one other person in a position of authority to enact a policy depriving Plaintiff of his constitutional rights.  (*Id.*)  Plaintiff also states that, under the Illinois Probation and Parole Officers Act, 730 ILCS 110, et. seq., the Chief Judge authorized Defendant Rohan to make hiring decisions.  (*Id.* at 5.)  Drawing all reasonable inferences in Plaintiff's favor, we could reasonably infer that there was a custom or practice within the administration to hire able-bodied people, or that Defendant Rohan or another presently unknown person with final policymaking authority implemented a policy to only hire able-bodied people, in violation of Plaintiff's constitutional rights.  Thus, Plaintiff has sufficiently stated a *Monell* claim.

In their reply brief, Defendants argue, for the first time, that Plaintiff's Section 1983 and 1985 claims against individual Defendants should be dismissed.[1] (Reply at 2.) Since this argument was not raised in Defendants' opening motion and Plaintiff has not had the opportunity to respond, we will not consider it. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 889 n.9 (7th Cir. 2012) ("Arguments raised for the first time in a reply brief are waived."); *United States v. Diaz*, 533 F.3d 574, 577 (7th Cir. 2008) (similar). Defendants' motion to dismiss Count Two of Plaintiff's complaint is denied.

## CONCLUSION

For the reasons set forth above, Defendants' partial motion to dismiss is granted in part and denied in part. Defendants' motion to dismiss the complaint against JPCSA is granted, and Plaintiff may amend the complaint to replace that defendant with the Chief Judge. Defendants' motion to dismiss the complaint because Plaintiff failed to exhaust administrative remedies is denied, provided that Plaintiff amends the complaint by attaching the Charge of Discrimination form and the EEOC right-to-sue letter by January 16, 2015. Defendants' motion to dismiss individual liability claims under the ADA and Section 504 of the Rehabilitation Act is granted with prejudice. Defendants' motion to dismiss the Sections 1983 and 1985 claims is denied.

---

[1] It is not expressly clear from the complaint whether the Plaintiff is suing the individual Defendants in their official capacities, their individual capacities, or both. When Plaintiff files his amended complaint, it would be helpful if he clarifies this point.

Plaintiff may file an amended complaint, consistent with this opinion, no later than January 16, 2015. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: January 5, 2015
       Chicago, Illinois